**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| **KIM LAUR**              ) | |
|                                     ) | |
|    Plaintiff            ) | |
|                                     ) | |
| v.                                ) | Civil Action No. TMD 08-112 |
|                                     ) | |
|                                     ) | |
| **MICHAEL J. ASTRUE,**    ) | |
| Commissioner of Social Security, ) | |
|                                     ) | |
|    Defendant          ) | |
| _____ ) | |

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Kim Lauer ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, §§ 1381-1383(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Paper No. 24) and Defendant's Motion for Summary Judgment. (Paper No. 36). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is granted.

**I. Procedural History**

Plaintiff protectively filed her application for DIB on July 14, 2005 alleging disability since October 25, 2004 due to back injury/surgery, disc removal, fusion, steel rod in back, high blood pressure, depression and headaches. R. at 43-45, 50. The claim was denied initially and on reconsideration. R. at 23-24, 34-35. On May 17, 2007, a hearing was held before an

administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 296-322. Plaintiff was represented by counsel. In a decision dated September 17, 2007, the ALJ denied Plaintiff's request for benefits. R. at 10-22. The Appeals Council denied review on November 9, 2007 making this action ripe for review. R. at 5-8.

## II.  ALJ's Decision

The ALJ evaluated Claimant's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: degenerative disc disease status post fusion, borderline intellectual functioning, and depression. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ then concluded at step four that Plaintiff was capable of performing her past relevant work. Accordingly, he found that Plaintiff was not disabled within the meaning of the Social Security Act.   R. at 10-22.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence

presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff contends that the Commissioner's decision denying her claim for DIB is not supported by substantial evidence because (1) she was not given the opportunity to a supplemental hearing after her post-hearing consultative examinations; (2) the ALJ improperly discredited the opinion of Claimant's treating physician; (3) she meets Listing 12.05C[1] and (4) the ALJ erred in determining that Claimant's past relevant work as a cashier constituted substantial gainful activity.

A.   Supplemental Hearing/Treating Physician/Listing 12.05C

At the May 17, 2007 hearing, the ALJ indicated that he would order a post-hearing physical and psychological consultative examination. R. at 316. He further indicated that once he received the reports, he would make them available to Claimant's attorney. R. at 317, 321.[2] Subsequently, Claimant was subject to a consultative neurological examination by Dr. Seth Tuwiner on June 24, 2007 and a psychological examination by Dr. Bruce Hutchinson on July 11, 2007. R. at 268-80, 281-93. In his narrative findings, Dr. Tuwiner reported that Claimant

---

[1] The Court will address the first three arguments together because of the overlap of issues.

[2] Claimant was represented by Jared Cook Esq. at the hearing. R. at 296. Claimant is represented by Paul Schlitz, Esq. at this stage of the proceeding.

was capable of lifting 10 pounds occasionally and 5 pounds frequently.  R. at 271.  However, he also completed a Medical Source Statement of Ability to Do Work Related Activities in which he indicated Claimant was capable of lifting more weight – that she could occasionally lift up to 20 pounds.  R. at 273.   Plaintiff argues that the discrepancy is critical because if the ALJ accepts the first finding, that Plaintiff is only capable of lifting up to 10 pounds occasionally and 5 pounds frequently, then she would be precluded from her past relevant work.  In addition, Plaintiff argues that the post-hearing psychological examination indicates that she meets Listing 12.05C.

Plaintiff argues that the ALJ never proffered these reports to her counsel and that she was entitled to a supplemental hearing to address the results of these examinations.  She relies on a provision in the Hearings, Appeals and Litigation Manual ("HALLEX"), which is a policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members.  As an internal guidance tool, HALLEX lacks the force of law.  *See Melvin v. Astrue*, 602 F.Supp.2d 694, 704 (E.D.N.C. 2009).  However, even if HALLEX was binding, there was no violation as Plaintiff contends.

HALLEX I-2-7-30H upon which Plaintiff relies provides that the ALJ must proffer all posthearing evidence (unless certain conditions are met which are not applicable here) to the claimant and that after the proffer, "[i]f the claimant requests a supplemental hearing, the ALJ must grant the request, unless the ALJ receives additional documentary evidence that supports a fully favorable decision."  Perhaps unbeknownst to current counsel (*see* note 2), the ALJ followed precisely these procedures.  By letter dated August 9, 2007, the ALJ sent Plaintiff's former counsel, Mr. Fred Fleming, the reports of Dr. Tuwiner and Dr. Hutchinson for his

review.  Supplemental Transcript at 323-24.  In the accompanying letter, the ALJ informed Plaintiff's counsel of his rights including the right to request a supplemental hearing.  The record does not evidence that Plaintiff's counsel made any such request.

In addition, the ALJ thoroughly addressed the posthearing evidence in his decision.  R. at 16, 20-21.  The ALJ found that Plaintiff was capable of light work which requires lifting no more than twenty pounds at a time and frequent lifting of objects that weight up to ten pounds.  20 C.F.R. § 404.1567.  The Court, like the ALJ, notes the discrepancy in Dr. Tuwiner's reports regarding Claimant's ability to lift; but nevertheless finds substantial evidence to support the ALJ's finding that Plaintiff was capable of the lifting requirements of light work.  The ALJ assigned significant weight to the opinion of DDS physician, Dr. Phillip Moore, who also completed a Physical Residual Functional Capacity Assessment dated October 19, 2005 which indicated Plaintiff was capable of lifting twenty pounds occasionally.  R. at 21, 155.  By contrast, Dr. Valerie Goodman, Plaintiff's treating physician, opined on April 10, 2007 that Plaintiff was rarely capable of lifting even ten pounds and could never lift twenty pounds.  R. at 241.  The ALJ discussed Dr. Goodman's opinions but assigned it little weight because, in part, it was not supported by other evidence in the record.  R. at 20.

In support of his decision with respect to Dr. Goodman's opinion, the ALJ cites *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993).  Plaintiff now contends that *Mason*, in fact, supports a decision to accept, not reject, the opinion of Dr. Goodman.  While the court in *Mason* ultimately found that the ALJ's reasons for affording less weight to one  physician versus another were unfounded, the ALJ's citation to the case in the instant matter is clearly intended to support only the proposition that reports which require physicians to fill in the blanks, with

no accompanying explanation or accompanying medical reports, may be suspect. *Id*. at 1065. The ALJ noted that Dr. Goodman's report was such a report, R. at 20, and his citation to *Mason* is proper. In sum, the Court agrees that Dr. Goodman's opinion that Plaintiff is entitled to less than sedentary work is not supported by the record.

Plaintiff further contends that the other posthearing evidence, the psychological examination performed by Dr. Bruce Hutchinson, demonstrates that Plaintiff meets Listing 12.05C for mental retardation. R. at 281-93.[3] Listing 12.05 defines mental retardation as "significantly subaverage general intellectual functioning *with deficits in adaptive behavior initially manifested during the developmental period (before age 22)*." 20 C.F.R. Pt. 4-4, Subpt. P, App. 1, § 12.05. (emphasis added). Contrary to Plaintiff's assertion, Listing 12.05C requires a valid verbal, performance, or full scale IQ of 60 through 70 *and a physical or other mental impairment imposing an additional and significant work-related limitation of function.* Relying strictly on Dr. Hutchinson's report that Claimant possessed a Verbal IQ of 73, a Performance IQ of 70 and a Full Scale IQ of 69, Plaintiff asserts she meets Listing 12.05C. It is not enough for a claimant to point to one IQ score below 71; the Claimant must also satisfy the "diagnostic description" of mental retardation in Listing 12.05. *See Rogers v. Astrue,* 2009 WL 750235, *10, No. 1:07-00626 (S.D.W.Va. Mar. 20, 2009 ("Contrary to Plaintiff's argument, the Fourth

---

[3] To the extent that Plaintiff argues the case should be remanded simply because the ALJ failed to provide a detailed analysis of Listing 12.05C, the Court disagrees. This Court has previously held that, with respect to an ALJ's analysis of the Listing of Impairments ("LOI"), when the evidence in the administrative record *clearly generates an issue* as to a particular listing in the LOI and the ALJ fails properly to identify the LOI considered at Step Three, and to explain clearly the medical evidence of record supporting the conclusion reached at that critical stage of the analysis, a remand can be expected to result. *Schoofield v. Barnhart*, 220 F.Supp.2d 512, 521 (D. Md. 2002); *Beckman v. Apfel,* No. Civ.A. WMN-99-3696, 2000 WL 1916316 (D. Md. 2000) (holding that where there is *ample factual support* for a particular listing, the ALJ must provide a full analysis and compare symptoms, signs, and laboratory findings with the appropriate listing criteria). As is plain from the discussion above, the evidence falls far short of the criteria required under the Listing 12.05C which covers mental retardation; and therefore, the ALJ's duty under *Schoofield* was not triggered.

Circuit has not held that low IQ scores alone satisfy the diagnostic criteria of Listing 12.05C of deficits in adaptive functioning . . . ); *Edge v. Astrue*, 627 F.Supp.2d 609 (E.D.N.C. 2008) (Listing 12.05C "makes it clear that mental retardation is a life-long and not acquired, disability . . .[t]hus to qualify as disabled under this Listing, a plaintiff must first demonstrate that he has had deficits in adaptive functioning that began during childhood.") *citing Smith v. Barnhart*, 2005 WL 823751, *4 ) (W.D.Va. 2005); *Foster v. Halter,* 279 F.3d 348, 354 (6th Cir.2001). It is undisputed that no psychologist has diagnosed Claimant with mental retardation and there is no evidence that Claimant exhibited the deficits in adaptive function prior to the age of 22.  Dr. Hutchinson diagnosed her instead as borderline intellectual functioning and major depressive disorder, recurrent. moderate.  R. at 283.  *Cf. Hood v.* Astrue, SKG-08-2240, 2009 WL 4944838 *5-6 (D. Md. Dec. 14, 2009) (remanding case based on ALJ's failure to consider Listing 12.05 given the diagnosis of mental retardation in the record, as well as qualifying IQ scores).  Moreover, as noted by the ALJ, Claimant performed a number of activities inconsistent with mental retardation, including work for a number of years in retail as a cashier and owning and operating her own cleaning business. R. at 51-52, 302-03.  In addition, Dr. Hutchinson reported that Claimant was able to manage her own funds, had fair to good insight and judgment with appropriate thought content.  R. at 281-84.  In addition, the record evidences Plaintiff has a twelfth grade education and did not attend any special education classes.  R. at 56.  There is substantial evidence in the record that Claimant does not meet the diagnostic description.[4]

---

[4] The Court finds no merit to Plaintiff's argument that the ALJ should have given more consideration to Plaintiff's weight.  She points to no evidence with respect to how her weight significantly affected her ability to do work.

B.   Past Relevant Work

Plaintiff contends that her past work as a cashier cannot constitute past relevant work for purposes of a disability evaluation because it was not performed "long enough" to be considered substantial gainful activity. Past relevant work is work that the claimant has performed within the last fifteen years, that was substantial gainful activity and that lasted long enough to learn how to do it. 20 C.F.R. § 404.1560(b)(1). Plaintiff apparently takes issue with the second "prong" and in support of this argument, cites only to the VE's remark at the hearing that Claimant did "a little bit of work as a cashier." R. at 317. When viewed in context, it is clear to the Court that the VE was comparing her work as a cashier to her *primary* work as a house cleaner. *Id.* More significantly, Plaintiff wholly ignores the actual evidence in the record including earnings reports and Plaintiff's disability report. Plaintiff indicated that she worked as a clerk/cashier from 1991 to 1999 for forty hours per week. R. at 51. Moreover, she testified that she worked as a cashier/salesperson for the Hero Group prior to cleaning houses. R. at 302-03. *See, e.g. Faircloth v.* Astrue, No. 5:08-CV-455-D(1), 1999 WL 2216603 *9 (E.D.N.C. July 20, 2009) *citing* SSR 82-62 ("The approximately six-month period comprising the summers of 1998 and 1999 was sufficiently long for plaintiff to 'have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation' in fulfillment of the duration requirement…"). The Court accordingly rejects Plaintiff's challenge to the ALJ's past relevant work finding based on the duration requirement.[5]

---

[5] Plaintiff does not take issue with whether her past relevant work qualifies as substantial gainful activity from an earnings perspective, *i.e.* that it qualifies as *gainful* work activity. The Court notes that in 1997 and 1998, Claimant averaged monthly earnings in excess of $500 per month. R. at 37. For January 1990 through June 1999, the regulations provide that earnings greater than $500 per month demonstrate substantial gainful activity. *See* 20 C.F.R. § 404.1574.

## V.  Conclusion

Based on the foregoing, Plaintiff's Motion is DENIED, and Defendant's Motion is GRANTED, and the decision of the Commissioner is affirmed.  A separate order shall issue.


Date: February 4, 2010                                                    /s/
                                                                          Thomas M. DiGirolamo
                                                                          United States Magistrate Judge


Copies to:
Paul R. Schlitz, Esq.
Jenkins, Block & Associates, P.C.
The Symphony Center
1040 Park Ave.
Suite 206
Baltimore, MD 21201

Allen Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692